UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

JILLIAN SHAW,   :

              Plaintiff,   :   11 Civ. 2005 (LBS) (AJP)

       -against-   :   **REPORT AND RECOMMENDATION**

LEVERAGED TECHNOLOGY INC.,   :
LEVERAGED TECHNOLOGY, LLC
& GOLDMAN SACHS,   :

              Defendants.   :

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/9/11

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Leonard B. Sand, United States District Judge:**

      Defendants have moved to dismiss plaintiff Shaw's complaint. (Dkt. Nos. 23, 35.) The Court intended to discuss the issues at the November 8, 2011 conference, but neither plaintiff Shaw nor counsel for defendant Leveraged Technology appeared. The Court therefore issues this brief Report and Recommendation.

## I.   GOLDMAN SACHS' MOTION TO DISMISS (DKT. NO. 23)

      Plaintiff's complaint alleges that:

> Leveraged Technology, Inc., now Leveraged Technology, LLC, violated the EEOC Settlement Agreement from 2010. Paragraphs 4, 5, 8 were breached because Leveraged Technology LLC refused to give me a neutral job reference and retaliated against me because of the EEOC charge. As a result, the EEOC settlement agreement should be voided.

(Dkt. No. 8: Am. Compl. ¶ II.E.)

Paragraph 8 of the Settlement Agreement provides that Goldman and Leveraged Technology will pay a certain sum to Shaw, and further provides that "Leveraged Technology will continue to provide Ms. Shaw with a neutral reference." (Am. Compl. Attachment: Settlement Agmt. ¶ 8; see also Dkt. No. 25: Rubin Aff. Ex. A: Settlement Agmt.)

Thus, the Settlement Agreement required only Leveraged Technology, and not Goldman, to provide the reference. Nor does the amended complaint advance any facts or even baldly allege that Goldman breached the Settlement Agreement – the amended complaint, both in its body and the attachments, refers only to Leveraged Technology's breach by its failure to provide a neutral reference. There is thus no cause of action for breach of the settlement agreement alleged against Goldman. Goldman is entitled to the benefit of the release that was part of the Settlement Agreement. Goldman's motion to dismiss (Dkt. No. 23) should be GRANTED.

## II.     LEVERAGED TECHNOLOGY'S MOTION TO DISMISS (DKT. NO. 35)

Leveraged Technology's motion (Dkt. No. 35) should be DENIED.

First, Leveraged Technology alleges that Leveraged Technology, LLC and Leveraged Technology, Inc. are two different companies and only LLC is a party to the Settlement Agreement. (Dkt. No. 38: Leveraged Tech. Br. at 1-2, 3-4.) While the Release specifically refers to Leveraged Technology Inc. (Dkt. No. 25: Rubin Aff. Ex. B: Release), the Settlement Agreement refers to "Leveraged Technology et al." (Rubin Aff. Ex. A: Settlement Agmt. at 1.) It is thus unclear whether LLC is obligated under the Settlement Agreement to provide a neutral reference for Shaw. Further, while Leveraged Technology's brief asserts that LLC and Inc. are "separate companies," that assertion goes beyond the allegations in the complaint and thus is not cognizable on a motion to dismiss.

In any event, in the first instance discovery will be limited to whether "Leveraged Technology" (whether LLC or Inc.) failed to provide a "neutral reference" for Shaw as called for by the settlement agreement. The Court doubts that it will materially expand the scope of discovery if both LLC and Inc. are defendants, as opposed to just Inc.

As to Leveraged Technology's request for a "more definite statement of plaintiff's allegations" (Leveraged Tech. Br. at 4), Leveraged Technology can address that by promptly serving document requests on Shaw and taking her deposition. The Court will permit Leveraged Technology to depose Shaw before she can depose Leveraged Technology employees.

## CONCLUSION

For the reasons set forth above, Goldman's motion to dismiss (Dkt. No. 23) should be GRANTED, and Leveraged Technology's motion (Dkt. No. 35) should be DENIED.

Shaw and counsel for Leveraged Technology shall appear for a status conference before me on November 21, 2011 at 2:00 p.m. in Courtroom 20D. If either fails to appear again at that conference, the Court will enter monetary sanctions and/or may dismiss plaintiff Shaw's case for failure to prosecute. The Court also notes that the previously ordered December 30, 2011 discovery cutoff date (see Dkt. No. 18: 10/3/11 Scheduling Order) remains in effect and is not likely to be extended.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be

filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Leonard B. Sand, 500 Pearl Street, Room 1650, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Sand (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         November 9, 2011

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

Copies **by ECF** to:   All Counsel
                        Jillian Shaw (Regular & Certified Mail)
                        Judge Leonard B. Sand

G:\OPIN\SHAWvLEVERAGED TECH